FILED ●

MAR 17 2003

AT 8:30 .........................M
WILLIAM T. WALSH
CLERK

●

RECEIVED
WILLIAM T. WALSH, CLERK

284

2003 MAR 17  A 11: 36

UNITED STATES
DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Fuji Photo Film Co. Ltd., | : Civil Case No. 99-2937 (FSH) |
| Plaintiff, | : Date: March 13, 2003 |
| v. | : **FINAL ORDER AND JUDGMENT** |
| Jazz Photo Corp., Jazz Photo Hong Kong Ltd. and Jack Benun, | : |
| Defendants. | : |

ENTERED
ON
THE DOCKET

MAR .1 8 2003

WILLIAM T. WALSH, CLERK
By_____
(Deputy Clerk)

**HOCHBERG, District Judge:**

This patent infringement action having been commenced on June 23, 1999 by the filing of

a Summons and Complaint by Plaintiff Fuji Photo Film Co., Ltd. ("Fuji") against Defendants

Jazz Photo Corp. ("Jazz Photo"), Jazz Photo (Hong Kong) Ltd. ("Jazz Hong Kong") and Jack

Benun; and a trial on the merits having been held beginning on October 24, 2002 and the jury

having rendered a unanimous verdict on December 2, 2002; and for the reasons stated in this

Court's Opinion dated February 25, 2003; and for good cause shown; and

it appearing that the parties have jointly submitted a calculation of pre-judgment interest,

as directed by this Court's Order dated February 25, 2003; and

it appearing that all prerequisites to the entry of a Final Order and Judgment have been

met;

IT IS on this 13th day of March 2003, hereby **ORDERED** that Jazz Photo and Jazz Hong

Kong's importation, use, and/or sale of 40,928,185 Lens Fitted Film Packages ("LFFP's") from

the period 1995 through August 21, 2001 infringed Fuji's patent rights in violation of 35 U.S.C. § 271(a); and it is further

**ORDERED** that Defendant Jack Benun induced Jazz Photo's infringement with respect to 39,103,664 cameras in violation of 35 U.S.C. § 271(b); and it is further

**ORDERED** that all Defendants' infringement was willful with respect to 1,209,760 newly-made LFFP's imported, used, and/or sold by Jazz during the period 1995 through August 21, 2001; and it is further

**ORDERED** that Fuji was damaged as a result of the Defendants' infringement in the total amount of $22,919,783.60, representing the number of infringing LFFP cameras multiplied by a reasonable royalty of $0.56 per camera, plus pre-judgment interest in the amount of $6,845,497; and it is further

**ORDERED** that judgment is hereby **GRANTED** in favor of Plaintiff against Defendants Jazz Photo, Jazz Hong Kong and Jack Benun, jointly and severally, in the amount of $21,898,051.84, plus pre-judgment interest in the amount of $6,540,310, for a total amount of $28,438,361.84; and it is further

**ORDERED** that judgment is hereby **GRANTED** in favor of Plaintiff against Defendants Jazz Photo and Jazz Hong Kong, jointly and severally, for the additional amount of $1,021,731.76, plus pre-judgment interest in the amount of $305,187, for a total amount of $1,326,918.76; and it is further

**ORDERED** that Fuji's request for final injunctive relief is **DENIED**.[1]

---

[1] Fuji has requested that this Court enter a final injunction precluding Defendants and others from "infringing" or "inducing such infringement" of its patents. *See* 3/7/02 Ltr. at 2. Fuji's proposed language fails to comply with the strictures of Rule 65(d) in that it is neither

HON. FAITH S. HOCHBERG, U.S.D.J.

---

"specific in terms" nor does it describe "in reasonable detail the acts sought to be restrained." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 986 F.2d 476, 479-80 (Fed. Cir. 1993) (vacating injunction barring plaintiff "from infringing Flowdata's patent"); Under the highly fact-specific repair/reconstruction analysis at issue in this case, the general "obey the law" language proffered by Fuji fails to satisfy the strictures of Rule 65(d). *Cf., Payne v. Travenol Labs., Inc.*, 565 F.2d 895, 898 (5th Cir. 1978) ("Obey the law" injunctions prohibited); *compare Signtech USA, Ltd. v. Vutek, Inc.*, 174 F.3d 1352, 1359 (Fed. Cir. 1999) (detailed record made danger of unwarranted contempt proceedings nonexistent). Even if the proposed language were more narrowly-tailored, however, final injunctive relief would be inappropriate under the facts of this case for several reasons. First, Fuji voluntarily limited the scope of its infringement claims in this case to cameras sold prior to August 21, 2001. As a result, Defendants' post-August 21, 2001 activities were never at issue in this case; and there is no evidence in the record as to the refurbishing activities *currently* employed by any Defendant. Second, this Court's Opinion as to repair/reconstruction turned on issues of proof which may not necessarily adhere in a proceeding with a damages period beginning after August 21, 2001, the date of the Federal Circuit's ruling in *Jazz v. ITC*. Third, Fuji has already sought and obtained injunctive relief in the ITC proceeding, the subject of which is Defendants' *current and ongoing* conduct. While the injunctive power of the ITC is not necessarily coextensive with that of this Court (in that the ITC may only enjoin importation of infringing products), the existence of the ITC injunction for the most part vitiates Fuji's claim to ongoing and irreparable harm with respect to the Jazz supply chain for which evidence has been adduced in this case.

3